UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHARIS GELAINE JOACHIM,

     PLAINTIFF,

V.

PREMIA MORTGAGE LLC d/b/a
PREMIA RELOCATION
MORTGAGE SERVICES,

     DEFENDANT.

CIVIL ACTION NO.

JURY TRIAL DEMAND

## COMPLAINT FOR DAMAGES

COMES NOW Pharis Gelaine Joachim ("Plaintiff"), by and through counsel, and files this Complaint for Damages against Premia Relocation Mortgage Services ("Defendant") for discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") shows the Court as follows:

## I.    JURISDICTION AND VENUE

1.

This Honorable Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 as they arise under the laws of the United States.

2.

Venue is proper as a substantial portion of the acts or omissions giving rise to this action occurred in this judicial district.

## **PARTIES**

3.

Plaintiff, Pharis Gelaine Joachim ("Ms. Joachim") was, at all times material, an employee of Defendant. Plaintiff performed her job duties in Marietta, Georgia.

4.

Plaintiff is protected by Title VII of the Civil Rights Act because she:

      a.     Is female;

      b.     Was subjected to discrimination because of her gender;

      c.     Was subjected to equal pay violations because of her gender;

5.

Plaintiff is protected by the ADEA because she is an individual who is over 40 years of age.

6.

At all times material, Defendant was and is an "employer" as envisioned by Title VII and the ADEA.

7.

At all times material, Defendant was and is an "employer" as envisioned by Title VII and the ADEA.

8.

At all times material, Plaintiff was an "employee" of Defendant as envisioned by Title VII and the ADEA.

## CONDITIONS PRECEDENT

9.

On March 31, 2020, Ms. Joachim filed a Charge of Discrimination with the EEOC alleging gender and age discrimination, as well as retaliation. (Charge No. 410-2020-04799).

10.

On January 20, 2021, the EEOC issued a Notice of Right to Sue for Charge No. 410-2020-04799.

11.

Plaintiff files this Complaint within 90 days of receipt of the Notice of Right to Sue referenced above.

12.

All conditions precedent to this action have been satisfied and/or waived.

13.

Plaintiff's claims are hereby timely filed.

## FACTUAL ALLEGATIONS

14.

Plaintiff was, at all times material, qualified for her position with Defendant.

15.

Plaintiff was hired on July 1, 2011 as a Director of National Accounts by Defendant.

16.

In April 2015, Tom James, President of the Company, became Plaintiff's direct manager when her prior manager left the Company.

17.

On April 9, 2015, Plaintiff applied for a Sales Manager position and was denied by her manager, Mr. James.

18.

In September 2016, Plaintiff applied for the Sales Manager position again and she was denied by her manager, Mr. James.

19.

In August 2017, Plaintiff interviewed for the Vice President/Sales Manager position. Mr. James indicated to Plaintiff that there was no reason she shouldn't be given the position based on her experience, accomplishments, and corporate relationships; however, he ultimately chose not to fill the vacant position.

20.

In March 2019, Mr. James hired an individual who was substantially younger than Plaintiff with no sales experience and ultimately gave her four of Plaintiff's top revenue-producing states.

21.

On May 13, 2019, Plaintiff emailed Mr. James detailing her concern of being denied promotions based on her age and gender.

22.

In August 2019, Mr. James hired a younger male with less sales experience than Plaintiff, and he was paid approximately $30,000 more than Plaintiff.

23.

On December 9, 2019, Plaintiff was written-up for unsatisfactory performance and given a 30 days' notice of potential termination despite never having been written-up before.

24.

The December 9, 2019, write-up was pretextual.

25.

The December 9, 2019, write-up was issued in retaliation for Plaintiff voicing concerns regarding the reduction in her territory, pay disparity and lack of promotions.

26.

Plaintiff was terminated on January 13, 2020.

27.

At all times relevant, Defendant failed to investigate Plaintiff's complaints about gender and age discrimination.

28.

Defendant violated its own internal policies by failing to properly investigate Plaintiff's discrimination complaint(s).

29.

Defendant violated its own internal policies by failing to discipline employees similarly-situated to Plaintiff.

6

30.

Defendant, through the actions more specifically alleged above, affected one or more "terms, conditions or privileges" of Plaintiff's employment as envisioned by Title VII.

31.

The treatment to which Plaintiff was subjected was based, at least in part, upon:

    a.    The fact that Plaintiff is female;

    b.    The fact that Plaintiff is aged 74.

    c.    The fact that Plaintiff opposed what she reasonably perceived to be gender and age based discrimination.

32.

Plaintiff's gender and age based complaints were a substantial and/or motivating factor in Defendant's decision(s) to terminate Plaintiff.

## CLAIMS FOR RELIEF

## COUNT I: GENDER DISCRIMINATION

33.

Plaintiff realleges and adopts the allegations of paragraphs 1–32 above as if fully set forth herein.

34.

Plaintiff suffered discrimination at work because of her gender by, among other things, being held to a higher standard than my similarly-situated male colleagues, being paid less than my less experienced and similarly-situated male colleagues, being passed over for promotions despite my years of experience, and ultimately terminated from my employment.

35.

Plaintiff was treated less favorably than her similarly-situated male colleagues because of her gender.

36.

Defendant took adverse employment actions against Plaintiff because of her gender.

37.

Defendant had actual or constructive knowledge of the discrimination through Plaintiff's own verbal and written complaints.

38.

Notwithstanding Defendant's actual and constructive knowledge of the discrimination suffered by Plaintiff, Defendant failed to exercise reasonable care to prevent and promptly correct the discrimination.

39.

Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

40.

Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's gender.

41.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

42.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

43.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-5(k).

## COUNT II: AGE DISCRIMINATION

### 44.

Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1–43 above.

### 45.

Plaintiff suffered discrimination at work because of her age by, among other things, being held to a higher standard than her substantially younger colleagues, being paid less than her substantially younger colleagues, being passed over for promotions despite her years of experience, having her most profitable clients being taken away and given to a substantially younger colleague, and ultimately terminated from her employment.

### 46.

Plaintiff was treated less favorably than her substantially younger colleagues because of her age.

### 47.

Defendant took adverse employment actions against Plaintiff because of her age.

### 48.

Defendant had actual or constructive knowledge of the discrimination through Plaintiff's own verbal and written complaints.

49.

Notwithstanding Defendant's actual and constructive knowledge of the discrimination suffered by Plaintiff, Defendant failed to exercise reasonable care to prevent and promptly correct the discrimination.

50.

Defendant's discriminatory acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

51.

Defendant's discriminatory acts and omissions occurred because of Plaintiff's age.

52.

As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation.

53.

Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

54.

Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 29 U.S.C. § 621 *et seq.*

## **COUNT III: RETALIATION**

55.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

56.

Plaintiff engaged in protected conduct under Title VII and the ADEA by complaining about and opposing Defendant's unlawful discrimination to Defendant.

57.

Defendant knew or should have known that Plaintiff engaged in conduct protected by Title VII and the ADEA.

58.

As a result of Plaintiff's participation in protected activity, Defendant took adverse employment actions against her, including but not limited to, disciplining her and terminating her employment.

59.

Defendant's actions constitute unlawful retaliation under Title VII and the ADEA.

60.

As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including loss of pay and benefits, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff, Pharis Gelaine Joachim, respectfully requests entry of:

    a.    judgment in her favor and against Defendant for violation of the anti-discrimination provisions of Title VII and the ADEA;

    b.    judgment in her favor and against Defendant for compensatory damages, in an amount to be determined by a jury of her peers;

    c.    judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses.

    d.    declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under Title VII and the ADEA;

    e.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

13

Respectfully Submitted,

/s/ Jeremy Stephens
Jeremy Stephens, Esq.
Georgia Bar No.: 702063
**MORGAN & MORGAN, PLLC**
191 Peachtree Street NE, Suite 4200
Atlanta, Georgia 30303
Tel: (404) 965-1682
Email: jstephens@forthepeople.com

*Attorney for Plaintiff*